```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
         v.                              :    MEMORANDUM & ORDER
                                         :    17-CR-85 (WFK)
FRANK PICONE,                            :
                                         :
                    Defendant.           :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 6, 2017, Frank Picone ("Defendant") pled guilty to Count One of an indictment. Count One charges Defendant with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). At the original sentencing, the Court provided a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. §§ 3553(a), 3572(a). Defendant was sentenced to, *inter alia*, 170 months of imprisonment and a fine of $250,000.00. On February 13, 2020, the U.S. Court of Appeals for the Second Circuit issued a summary order, finding that based on the record, they could not "determine whether the District Court appropriately considered all the factors required by 18 U.S.C. § 3572(a)" when imposing a fine. Accordingly, the Second Circuit remanded proceedings to this Court pursuant to the procedure described in *United States v. Jacobson*, 15 F. 3d 19, 22 (2d Cir. 1994), "so that the District Court may conduct additional fact-finding on the record on this narrow issued." *Id.* Pursuant to that mandate, the Court is "authorized to amend the fine" after additional fact-finding and the consideration of the of 18 U.S.C. § 3572(a) factors. *Id.* In accordance with this directive, the Court herby sentences Defendant to pay a fine in the amount of $50,000.00.

## BACKGROUND

On February 16, 2017, the United States filed an Indictment charging Defendant with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2552(b)(2). Indictment, ECF No. 6. On November 6, 2017, Defendant pled guilty to Count One of the Indictment, charging a violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Plea Agreement, ECF No. 25. At the original sentencing, the parties all agreed with the PSR's Guidelines calculation, which suggested an advisory imprisonment term of 151–188 months based on a total offense level of 34 and a criminal history category of I. This Court sentenced Defendant to 170 months of imprisonment and a fine of $250,000.00. Judgment in Criminal Case, ECF No. 41.

Defendant timely appealed the Court's judgment, challenging only the $250,000.00 fine as not procedurally reasonable. On February 13, 2020, the U.S. Court of Appeals for the Second Circuit issue a summary order, finding that based on the record, they could not "determine whether the District Court appropriately considered all the factors required by 18 U.S.C. § 3572(a)" when imposing a fine. Mandate of U.S. Court of Appeals, ECF No. 49. Accordingly, the Second Circuit remanded proceedings to this Court pursuant to the procedure described in *United States v. Jacobson*, 15 F. 3d 19, 22 (2d Cir. 1994), "so that the District Court may conduct additional fact-finding on the record on this narrow issue." *Id.* Pursuant to that mandate, the Court is "authorized to amend the fine" after additional fact-finding and the consideration of the of 18 U.S.C. § 3572(a) factors. *Id.* Accordingly, only the fine, and not the remainder of the Court's prior sentence, is up for reconsideration.

## DISCUSSION

### I.   Legal Standard – Imposition of a Fine in Sentencing

When imposing a fine, the Court must consider the factors outline in both 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. 18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* "The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.)

(internal quotation marks and citation omitted). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. Additionally, 18 U.S.C. § 3572(a) outlines eight factors the Court must consider when imposing a fine. Apart from these factors, the Court is under a statutory obligation to ensure the imposed fine will not impair the ability of the Defendant to make restitution. 18 U.S.C. § 3572(b).

## II. Analysis of the § 3553(a) and § 3572(a) Factors

The Court previously conducted a thorough analysis under 18 U.S.C. § 3553(a) at Defendant's original sentence; the Court hereby ADOPTS its prior factual findings, subject to the amended analysis below. *See* ECF No. 38. The Court now proceeds to analyze the factors under 18 U.S.C. § 3572(a).

### a. The Defendant's Financial Resources

Pursuant to 18 U.S.C. § 3537(a)(1), the Court must consider, "the defendant's income, earning capacity, and financial resources," before imposing a fine. Defendant's total assets are $423,781.59. ECF No. 71. On November 2, 2021, defense counsel filed a letter informing the Court that the sale of Defendant's Brooklyn residence had closed. ECF No. 71. The letter notes Defendant's share of the sales proceeds resulted in a gross payment to him of approximately $300,000.00. Accordingly, Defendant appears able to pay a modest fine.

### b. The Burden on the Defendant, his Dependents, and Any Other Person

Pursuant to 18 U.S.C. § 3537(a)(2), the Court must consider, "the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose," before imposing a fine.

The Second Circuit explicitly referenced this factor in its mandate overturning the Court's initial $250,000.00 fine, noting that "On the current record, we cannot determine whether the District Court appropriately considered the impact that the imposed fine would have on Picone's financial dependents, specifically his wife. Consideration of this factor is mandatory under 18 U.S.C. § 3572(a)(2) (the District Court must consider "the burden that the fine will impose upon . . . any person who is financially dependent on the defendant")." ECF No. 49. However, since that time, Defendant and his wife have begun divorce proceedings. *See* Divorce Submission, New York County Supreme, Index No, 322313/2021, ECF No. 63 at Exhibit B. Though this was the principal issue raised by the Defendant on appeal, his memorandum in support of resentencing now notes that a "fine may have little impact on Mr. Picone's wife— given the pending divorce . . . ." ECF No. 63 at 10. Nonetheless, this Court fulfilled the Second Circuit's mandate by ordering the parties to produce Defendant's wife at the Re-Sentencing hearing, at which point the Court heard oral testimony concerning the financial impact a fine would have on her.

The Defendant has no other financial dependents. Still, the Court is cognizant of the impact that the fine may have on the Defendant's own financial circumstances, such as diminishing his savings and ability to support himself once he is released from prison. ECF No. 63 at 9 (noting Defendant "will need to draw on his savings to help maintain himself" once he is released from prison.).

    c.   <u>Any Pecuniary Loss Inflicted Upon Others</u>

Pursuant to 18 U.S.C. § 3537(a)(3), the Court must consider, "any pecuniary loss inflicted upon others as a result of the offense," before imposing a fine. Based on the nature of the crime, the parties' submissions, and the Court's review of the record, this factor is not

relevant here.

### d. Whether Restitution is Ordered and the Amount of Such Restitution

Pursuant to 18 U.S.C. § 3537(a)(4), the Court must consider, "whether restitution is ordered or made and the amount of such restitution," before imposing a fine. Additionally, the Court is under a statutory obligation to ensure the imposed fine "will not impair the ability of the Defendant to make restitution. 18 U.S.C. § 3572(b). As set forth in the Plea Agreement, restitution is mandatory pursuant to 18 U.S.C. § 2259 in the full amount of the victims' losses attributable to Defendant's activities. Plea Agreement ¶¶ 12–16. At the original sentencing, the Government requested restitution in the amount of $10,000.00 payable to an identified victim, whose images were among those in Defendant's collection of child pornography. The victim's real name has not been provided to preserve the victim's confidentiality. In the Court's original sentence, it imposed restitution in the amount of $10,000.00; this aspect of the Court's ruling was undisturbed by the Second Circuit's mandate. ECF No. 49. Additionally, the Probation Department's calculation of Defendant's ability to pay incorporates a consideration of this restitution amount. ECF No. 69 ("Based on the defendant's financial profile *and the priority of restitution*, he appears able to pay a modest fine.") (emphasis added). The victims of Defendant's crimes deserve full compensation; given Defendant's financial profile, the Court finds he has the means to pay both full restitution and the fine it imposes in this case.

### e. Depriving The Defendant of Illegally Obtained Gains From The Offense

Pursuant to 18 U.S.C. § 3537(a)(5), the Court must consider, "the need to deprive the defendant of illegally obtained gains from the offense," before imposing a fine. Based on the nature of the crime, the parties' submissions, and the Court's review of the record, this factor is not relevant here.

5

  f. <u>The Costs of Imprisonment, Supervised Release, or Probation</u>

Pursuant to 18 U.S.C. § 3537(a)(6), the Court must consider, "the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence," before imposing a fine. In its original sentence, the Court imposed a sentence of 170 months of imprisonment, followed by five years of supervised release; this aspect of the Court's ruling was undisturbed by the Second Circuit's mandate. ECF No. 49. The fine in this case adequately considers the costs that Defendant's actions have imposed on the Bureau of Prisons, the Probation Department, and the taxpayers.

  g. <u>Whether Consumers or Other Persons Will Bear the Expense Of The Fine</u>

Pursuant to 18 U.S.C. § 3537(a)(7), the Court must consider, "whether the defendant can pass on to consumers or other persons the expense of the fine," before imposing a fine. Based on the nature of the crime, the parties' submissions, and the Court's review of the record, this factor is not relevant here.

  h. <u>Status as a Corporate Entity</u>

Pursuant to 18 U.S.C. § 3537(a)(8), the Court must consider, "if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense," before imposing a fine. Because Defendant is not an organization, this factor is inapplicable here.

## CONCLUSION

Based on the Court's consideration of the record, a fine in the amount of $50,000.00 is appropriate and comports with the dictates of §§ 3553(a) and 3572(a). This sentence is consistent with and is sufficient but no greater than necessary to accomplish, the purposes of §§

3553(a) and 3572(a). To the extent they are not inconsistent with this opinion, the Court expressly adopts the factual findings of the Presentence Investigation Report, ECF No. 28, and the Addendums to the Presentence Investigation Report, ECF Nos. 33, 69, 71, as well as its prior factual findings in the Memorandum & Order from the Court's original sentence, ECF No. 38.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2021
      Brooklyn, New York